(No. 3747— )

··WILLIAM B. STANFORD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

SMITH, McCOLLOM & RIGGLE, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed on September 4, 1942. Claimant alleges that he is a resident of the State of Illinois; that on October 9, 1940 he was regularly enrolled as a student in the Eastern Illinois State Teachers' College at Charleston, Illinois; that on said date he was directed by a teacher of the said institution to subject himself to the use of a fluoroscope device for the purpose of demonstrating to the other students the proper use of said fluoroscope; that as a result of such demonstration claimant was severely burned by fluoroscopic rays, causing great pain and permanent injury.

Claimant asks damages in the sum of Eleven Thousand Eight Hundred Seventy-nine and 80/100 Dollars ($11,879.80) for medical attention, hospitalization, traveling expenses to doctors and hospital, loss of time and earnings, suffering and permanent injury.

Respondent moves to dismiss this claim and, in support of the motion, submits that the claim is predicated on the alleged liability of respondent while engaged in a govern-

mental function, because of negligent and wrongful acts of its officers, agents or employees.

This court has repeatedly held that the State in the conduct of its penal and charitable institutions is engaged in a governmental function, and that in the exercise of such functions it is not responsible for the acts of its servants and agents in the absence of a statute making it so liable.

*Wood* vs. *State*, 9 C. C. R. 501.

The State, in the exercise of a governmental function, is not liable for injuries to persons resulting from the negligence of its officers, agents or employees, and an award as a matter of social justice cannot be allowed when the State would not be liable in law or equity if it were suable. There is no theory of law upon which an award in this case could be based. There being no legal liability on the part of the State, we have no authority to allow an award.

The motion of respondent to dismiss must, therefore, be and is hereby allowed, and the claim is dismissed.